# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARCO LORIMER DENIS, | ) |
| Petitioner, | ) |
| v. | ) No. 4:25-CV-00127 HEA |
| MICHAEL KIRN, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 filed by Marco Denis, a federal pretrial detainee currently being held at Phelps County Jail in Rolla, Missouri. *See United States v. Denis*, No. 6:24-CR-3099 BCW (W.D.Mo.). For the reasons explained below, the Court will dismiss this action without further proceedings.

### Background

**A. State Charges**

On July 15, 2024, a criminal complaint was filed charging petitioner with two counts of domestic assault in the first degree, one count of domestic assault in the third degree and kidnapping in the first degree. *State v. Denis*, No. 2431-CR02811 (31st Jud. Cir., Green County Court). After service of process, petitioner was initially held without bond. A bond hearing was held on July 18, 2024, and no change was made to bond. At the preliminary hearing on August 16, 2024, however, bond was set at $150,000, cash only. Bond was posted, in full, on August 20, 2024.

An information was filed on August 22, 2024, charging petitioner with three counts of tampering with physical evidence, kidnapping in the first degree, domestic assault in the second

degree and domestic assault in the first degree. A case management conference is currently set for March 11, 2025.

### B. Federal Charges

On July 26, 2024, a federal criminal complaint was filed against petitioner in *United States v. Denis,* No. 6:24-CR-3099 BCW (W.D.Mo.), charging him with one count of domestic violence misdemeanant in possession of a firearm, in violation of 18 U.S.C. § 922(g)(9). On August 28, 2024, a grand jury subsequently returned a three-count indictment against petitioner. *Id*. In addition to the original charge, the indictment alleges petitioner committed two counts of knowingly making a false statement in connection with the acquisition of any firearm under 18 U.S.C §§ 922(a)(6) and 924(a)(2). *Id.*

On August 22, 2024, the Government filed a motion for pretrial detention, and a hearing was held before a Magistrate Judge on August 23, 2024. On August 29, 2024, the Magistrate ordered that petitioner be detained without bail. On September 11, 2024, petitioner filed a motion objecting to the Magistrate's finding and requesting that the District Court vacate the Magistrate's order and order that the petitioner be released on bail. On October 4, 2024, the Government filed opposition suggestions. On December 13, 2024, petitioner filed an addendum to his motion seeking release, and on that same date, the Honorable Brian C. Wimes affirmed petitioner's Order of Detention. *Id.*

### Discussion

Petitioner filed the instant § 2241 petition in this Court on January 31, 2025. He seeks an order from this Court instructing the United States District Court for the Western District of Missouri to release him from custody. He seeks such an order even though he was denied such a

request in December of 2024 in his criminal action in the Western District of Missouri. This Court cannot grant such a request because to do so would encourage "judge shopping."

Furthermore, the undersigned has reviewed petitioner's federal criminal case on Pacer.gov and found that he has not sought an expedited appeal of his request for bail—a procedure noted by the Supreme Court as an essential safeguard provided by the Bail Reform Act. *See United States v. Salerno*, 481 U.S. 739 (1987). "Should a judicial officer order detention, the detainee is entitled to expedited appellate review of the detention order." *Id.* at 743 (citing 18 U.S.C. § 3145(b), (c)). Under the Bail Reform Act, a decision to detain a defendant is immediately reviewable.

Instead, petitioner filed a § 2241 writ of habeas corpus, "an ingenious device for securing redundant review of [his presentencing detention]." *Fassler v. U.S.,* 858 F.2d 1016, 1018 (5th Cir. 1988). "The terms of the Bail Reform Act and the potential for abuse of the writ and for unnecessary duplication of appeals ... should ordinarily provide strong incentive for defendants to employ Section 3145 appeals." *Id. See also Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (the remedy provided by 28 U.S.C. § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case). "Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition." *Whitmer v. Levi*, 276 F. App'x 217, 219 (3d Cir. 2008).

Petitioner has not exhausted the remedies available in his criminal case. Rather, he seeks a writ of habeas corpus releasing him from presentencing detention. Petitioner has made no effort to explain why he cannot raise his claims on appeal of the denial of his motion for bond reduction and release in his ongoing criminal proceedings. Nor has he shown any basis to bypass the normal procedure for raising such claims. Therefore, relief under § 2241 is unavailable to petitioner at this

3

time. To determine otherwise would interfere with the trial judge's control over petitioner's case, encourage "judge shopping," and cause needless duplication of judicial resources. The Court will therefore deny the petition. The Court will not issue a certificate of appealability, as petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED AND DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's emergency motion to appoint a special process server is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE