**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARCO LORIMER DENIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00127 HEA |
| | ) | |
| MICHAEL KIRN, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is petitioner's motion for reconsideration of the denial of his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 and his request for certificate of appealability. [ECF No. 7]. Denis, a federal pretrial detainee currently being held at Phelps County Jail in Rolla, Missouri, *see United States v. Denis*, No. 6:24-CR-3099 BCW (W.D.Mo.), filed the instant petition for writ, on January 31, 2025, seeking an Order from this Court instructing the United States District Court for the Western District of Missouri to release him from custody while awaiting trial on a three-count indictment for knowingly making a false statement in connection with the acquisition of any firearm under 18 U.S.C §§ 922(a)(6) and 924(a)(2).

Although petitioner was granted bond in a companion state case, *see State v. Denis*, No. 2431-CR02811-01 (31st Jud. Cir., Green County Court), in which he has been charged with three counts of tampering with physical evidence, kidnapping in the first degree, domestic assault in the second degree and domestic assault in the first degree,[1] he was denied bond in his federal case as late as December 13, 2024, by the Honorable Brian C. Wimes. *United States v. Denis*, No. 6:24-CR-3099 BCW (W.D.Mo.).

---

[1] Bond appears to have been paid on or about August 20, 2024. However, federal authorities apparently immediately took custody over petitioner at that time.

In his application for writ, petitioner argued that he has substantial business and property interests which his incarceration is impeding, such that his detainment is interfering with his access to courts and presenting as a due process violation. He claims that his real estate development company, Springfield Property, LLC, is currently in litigation with OMB Bank regarding his investment in Plaza Towers in Springfield, Missouri. OMB Bank, petitioner states, is attempting to foreclose on the property, which will cause him substantial financial injury. Petitioner argues that corporate entities like Springfield Property, LLC, have third party, or corporate standing, to bring a habeas petition to seek release of sole proprietors such as himself, from custody.

The Court denied petitioner's application for writ on February 3, 2025. [ECF Nos. 5 and 6]. In the Opinion, Memorandum and Order issued on that date, the Court noted that petitioner had failed to seek an expedited appeal of his request for bail in his federal criminal action in the Western District of Missouri - a procedure noted by the Supreme Court as an essential safeguard provided by the Bail Reform Act. *See United States v. Salerno*, 481 U.S. 739 (1987). Rather, petitioner engaged in what appeared to be "judge shopping," by turning to another Federal District Court to seek his release from confinement. Something this Court could not countenance. *Id.*

Petitioner, in his motion for reconsideration, *see* ECF No. 7, argues that he has been deprived of his ability to manage his civil litigation, and thus, he is entitled to release from confinement. Furthermore, he asserts that the Court "effectively treated Mr. Denis as the individual filer, overlooking that the named petitioner is Springfield, Property, LLC." Thus, once again, petitioner appears to be asserting that a corporation can have proper standing under § 2241.

Petitioner, of course, has failed to cite to any law supporting his assertion, and this Court is unaware of such. In fact, habeas corpus means literally "you shall have the body." 2 Pollock & Maitland, *History of English Law* 593 (2d ed 1898). And a corporation has no legal body. Rather,

it is apparent that "the body" that is currently in custody is petitioner Marco Denis. And only he is the rightful petitioner under § 2241.

The Great Writ, according to legal scholars, arose in the late 12th century in England in which it was important to have the body of a person before the court to adjudicate some matter in which that person was involved. R. Walker, *The Constitutional and Legal Development of Habeas Corpus as the Writ of Liberty* 6, 12–13 (1960). By the 17th Century, habeas corpus was the procedural analogue of the Magna Charta and, accordingly, persons imprisoned without a proper charge were entitled to the writ. D. Meador, *Habeas Corpus and Magna Carta* 3–9 (1966). Only four states in the American colonies recognized habeas corpus in their state constitutions prior to the Constitutional Convention. Oaks, *Habeas Corpus in the States—1776–1865*, 32 U. Chi. L. Rev. 243, 247 (1965). However, once the Federal Constitution had been ratified, with its suspension clause in Article I, all the states promptly adopted similar state constitutional provisions. *Id.* After the Civil War, Congress amended the federal habeas statutes to permit federal courts to entertain petitions filed by persons in state custody.

For the reasons stated in the Opinion, Memorandum and Order issued on January 31, 2025, the Court declines to reconsider the denial of the application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. The Court concludes that petitioner's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence. Instead, the motion can be said to merely revisit old arguments. Petitioner is therefore not entitled to reconsideration of the denial and dismissal of his petition, and his motion for reconsideration will be denied.

Petitioner's request for certificate of appealability will also be denied. As stated in the Court's prior Order, petitioner has failed to make a substantial showing of a denial of a

constitutional right. Furthermore, reasonable jurists would not resolve the matters in this case differently than this Court has.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration [ECF No. 7] is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. Dated this 11th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE